THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES B. CAMERON, Appellant

Memorandum: There is no merit to defendant's contention that his constitutional right to present evidence in his defense was denied because he was precluded from displaying his withered limbs to the jury. Defendant had full opportunity to place into evidence his physical condition through numerous hospital records and indeed did so. In fact, considerable evidence was submitted with respect to defendant's physical abilities. Thus, the showing of his limbs would have been cumulative. Further, a simple showing of his limbs to the jury without more would not have established his inability to have committed the crime charged. Even if it was error to deny his request, in light of the overwhelming evidence of defendant's guilt, there is no reasonable possibility that this error contributed to the conviction and, therefore, such error must be considered as harmless *(People v Daly,* 98 AD2d 803, 804, *affd* 64 NY2d 970).

Trial Term erred in permitting the prosecutor in summation to exhibit defendant's alleged signatures on the hospital record to the jury. The record was not in evidence and it was never established that defendant had in fact signed them. Considering, however, the limited nature of the error when compared with the overwhelming evidence of guilt, there is no significant probability that defendant would have been acquitted but for this error *(People v Crimmins,* 36 NY2d 230, 242).

We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme

Court, Erie County, Ostrowski, J.—burglary, second degree, and robbery, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.